# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIA MATEO, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:16-1057 |
| v. | : | JUDGE MANNION |
| NANCY A. BERRYHILL[1], | : | |
| Defendant | : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Martin C. Carlson, which recommends that the decision of the Commissioner of Social Security denying the plaintiff's application for benefits be affirmed. (Doc. 11). The plaintiff has filed objections to the report. (Doc. 12). Based upon the court's review of record in this matter, the report of Judge Carlson will be adopted in its entirety; the plaintiff's objections will be overruled; and the

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. On March 6, 2018, the Government Accountability Office stated that, as of November 17, 2017, Ms. Berryhill's status violated the Federal Vacancies Reform Act, which limits the time a position can be filled by an acting official and "[t]herefore Ms. Berryhill was not authorized to continue serving using the title of Acting Commissioner..." Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1988 Commissioner, Social Security Administration. Government Accountability Office. March 6, 2018. However, Ms. Berryhill continues to functionally lead the Social Security Administration from her position of record as Deputy Commissioner of Operations. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin, Acting Commissioner of Social Security, as the defendant in this suit.

decision of the Commissioner of Social Security denying the plaintiff's claims for benefits will be affirmed.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C.

§636(b)(1); Local Rule 72.31.

In this case, the plaintiff filed claims for Social Security Disability Insurance Benefits, ("DIB"), and Supplemental Security Income, ("SSI"), benefits claiming disability due to bipolar disorder, depression and anxiety. In the Commissioner's latest decision[2], it has been determined that the plaintiff has the residual functional capacity to perform her past relevant work activity as a warehouse worker with various non-exertional restrictions. The instant action is the plaintiff's appeal of the Commissioner's decision. In his report, Judge Carlson found that the Commissioner's decision is supported by substantial evidence and should therefore be affirmed. The plaintiff disagrees and has filed objections to Judge Carlson's report.

In her objections, the plaintiff initially argues that both the ALJ and Judge Carlson gave undue weight to the Global Assessment of Functioning, ("GAF"), scores in her medical records. A GAF score is a subjective scale previously set forth in the American Psychiatric Associations' Diagnostic and Statistical Manual of Mental Health, ("DSM"), which "assesses how well an

---

[2] The ALJ had issued an initial decision on March 31, 2013, in which it was determined that the plaintiff was not disabled within the meaning of the Social Security Act. Upon request, the Appeals Council reviewed the ALJ's decision and remanded the matter for further consideration of the plaintiff's mental impairments and residual functional capacity. The ALJ issued a second decision on January 22, 2015, which was upheld by the Appeals Council.

3

individual can function according to psychological, social, and occupational parameters, with the lowest scores assigned to individuals who are unable [to] care for themselves." Falcone v. Berryhill, 2018 WL 638453, at **4-5 (M.D.Pa. Jan. 31, 2018) (citing Pounds v. Astrue, 772 F.Supp.2d 713, 716, n.2 (W.D.Pa. 2011)); DIAGNOSTIC & STATISTICAL MANUAL OF MENTAL DISORDERS (FOURTH).

A GAF score allows a clinician to indicate his judgment of a person's overall psychological, social and occupational functioning, in order to assess the person's mental health illness, and is set within a particular range if either the symptom severity or the level of functioning falls within that range. DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS 3-32 (FOURTH). A GAF score of 31-40 represents some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking or mood; a score of 41-50 indicates serious symptoms or any serious impairment in social, occupational or school functioning; a score of 51-60 represents moderate symptoms or any moderate difficulty in social, occupational, or school functioning; and a score of 61-70 indicates some mild symptoms (e.g. depressed mood and mild insomnia) or some difficulty in social, occupational, or school functioning (e.g. occasional truancy, or theft within the household) but generally functioning

4

pretty well, has some meaningful interpersonal relationships. Id.

In the past, the GAF score was seen as useful in planning treatment and predicting outcomes. Id. The law, however, provides that "[a] GAF score does not have a direct correlation to the severity requirements of the Social Security mental disorder listings." Falcone, supra (citing Pounds v. Astrue, 772 F.Supp.2d at 723; Gilroy v. Astrue, 351 Fed. App'x. 714, 715 (3d Cir. 2009)). Moreover, the latest edition of the DSM recommended that the GAF scoring scale be discontinued explaining that the GAF scale has a conceptual lack of clarity and "questionable psychometrics in routine practice." DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (FIFTH) at 16. Thus, the latest edition of the DSM does not contain the GAF scale. It is apparent that GAF scores are of limited value in determining whether an individual is disabled.

Here, however, despite the plaintiff's objections, the court finds that the discussion of her GAF score did not unduly prejudice the plaintiff. The plaintiff's GAF score was just one element of the evidence considered. Other evidence included, *inter alia*, the medical opinions and objective evidence of record, as well as the plaintiff's subjective complaints and activities of daily living. As such, the court finds that the ALJ's and magistrate judge's discussion of the plaintiff's GAF scores does not negate the conclusion that

5

substantial evidence supports the ALJ's decision.

The plaintiff further argues that the ALJ failed to consider her inability to perform sustained work activity and her inability to tolerate any stress. Specifically, the plaintiff argues that her treating psychiatrist, Dr. Cohen, opined that she was markedly limited in completing a normal workweek and would be expected to be absent from work more than three times per month and that she usually reacts "extremely when [she] feels frustrated or to minor irritants". She further points out that the state agency psychologist, Dr. Morcos, wrote that her psychiatric impairments "may be significant enough to interfere with [her] ability to function on a daily basis" and that she "cannot appropriately deal with stress".

Despite the foregoing assessments, as thoroughly discussed by Judge Carlson, there is a process by which an ALJ is to evaluate and weigh medical opinions of record. In fulfilling its role, the court is to recognize that where there are factual issues "[t]he ALJ - not the treating or examining physicians or State agency consultants - must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011). As long as the ALJ provides an adequate rationale for the weight given to medical opinions, it is the province and duty of the ALJ to determine the weight to be given to the medical opinions and evidence. As discussed by

Judge Carlson, in assessing the medical evidence of record, the ALJ need not credit the entire opinion, but may credit only parts of an opinion. See Durden v. Colvin, 191 F.Supp.3d 429, 455 (M.D.Pa. 2016) (citations omitted).

Upon consideration of the ALJ's decision and Judge Carlson's report reviewing that decision, the undersigned agrees with the report of Judge Carlson that the ALJ's evaluation of the medical evidence complied with the dictates of the law. The ALJ considered each of the medical opinions of record and provided his rationale for the weight accorded each decision. Relying on his reasoned assessment of the evidence, including the medical evidence of record, the ALJ determined the plaintiff's residual functional capacity. The court agrees that ALJ's assessment of the medical evidence and his residual functional capacity determination are supported by substantial evidence.

Finally, the plaintiff argues that her subjective complaints of fatigue, which are noted in various parts of the record, were not given adequate consideration. With regard to this claim, there is, again, a framework under which the ALJ must assess the plaintiff's subjective complaints. Ultimately, the ALJ's assessment of a claimant's credibility is to be accorded great weight and substantial deference. Szallar v. Comm'r Soc. Sec., 631 Fed. App'x 107, 110 (3d Cir. 2015) (citing Zirnsak v. Colvin, 777 F.3d 607, 612-13 (3d Cir.

2014)).

Here, the ALJ did reference the plaintiff's subjective complaints of fatigue in her discussion. However, in considering the record as a whole, including the plaintiff's self-report activities of daily living and abilities, the ALJ did not include the plaintiff's fatigue in her functional limitations. Considering the record as a whole and giving the substantial deference due, the undersigned finds, as did Judge Carlson, that the ALJ's assessment of the plaintiff's subjective complaints is supported by substantial evidence.

In light of the foregoing, Judge Carlson's report and recommendation will be adopted in its entirety and the plaintiff's objections thereto will be overruled. The decision of the Commissioner of Social Security denying the plaintiff's claims for DIB and SSI will be affirmed. An appropriate order shall issue.

MALACHY E. MANNION
United States District Judge

**Date: April 17, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1057-01.wpd

8